19 F.3d 22
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Brian NELSON, Plaintiff-Appellant,
v.
Wayne REXFORD, Defendant-Appellee.
 No. 92-2362.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 7, 1994.[1]
Decided March 8, 1994.
 
 Before POSNER, Chief Judge, and BAUER and COFFEY, Circuit Judges.
 
 ORDER
 
 1
 Brian Nelson, an inmate at the Vandalia (Illinois) Correctional Center, filed a civil rights action, 42 U.S.C. Sec. 1983, alleging that a prison guard threw chemical cleaner at him, burning his face and arm. On appeal, Nelson alleges that the magistrate judge who presided at the jury trial made a remark that prejudiced the jury and precluded Nelson from eliciting inconsistent testimony from the prison guard, Wayne Rexford.
 
 
 2
 No objection was made, and thus the court reviews only for plain error. Fed.R.Civ.P. 52(b); United States v. Henry, 933 F.2d 553, 558 (7th Cir.1991), cert. denied, 112 S.Ct. 1703 (1992). We find that no error occurred, plain or otherwise. At trial, Nelson questioned Rexford about his testimony on direct examination that he had previously known Anthony Wilson, an inmate in the cell next to Nelson's.
 
 
 3
 "NELSON: Earlier you testified that you knew Anthony Wilson from Pontiac. That's a correct statement?
 
 
 4
 REXFORD: I did not say--I don't recall saying that I knew Anthony Wilson from Pontiac, Sir.
 
 
 5
 NELSON: I believe you testified you knew both Brian Nelson and Anthony Wilson from Pontiac Correctional Center.
 
 
 6
 REXFORD: If I recall right, sir, I said I knew Mr. Nelson from Pontiac after Mr. Nelson asked if I had had a confrontation [sic] before.
 
 
 7
 NELSON: Is there any possible way we can go back in the record?
 
 
 8
 THE COURT: That's my recollection also that he knew you but not Wilson.
 
 
 9
 NELSON: I believe he stated he also knew Wilson. That's why I brought the question up to Mr. Wilson [sic].
 
 
 10
 THE COURT: I don't have that. My notes show that he didn't know Wilson. Go ahead.
 
 
 11
 NELSON: That was the question. From what I heard earlier I believe he said he knew Wilson from Pontiac also.
 
 
 12
 THE COURT: You can ask him again.
 
 
 13
 NELSON: You do not know Anthony Wilson from Pontiac?
 
 
 14
 REXFORD: Not to my recollection."
 
 
 15
 The transcript shows that Nelson's recollection was correct--Rexford did testify on direct examination that he knew both Wilson and Nelson from Pontiac Correctional Center.
 
 
 16
 Nelson argues now that the magistrate judge "distorted the evidence" and "assume[d] the role of a witness." We do not agree. Quite simply, the question of whether Rexford had previously known the inmate in the cell next to Nelson when the alleged civil rights violation occurred has little or no relevance in the case. Nelson's theory at the civil rights trial was that Rexford had a long-standing hostility against Nelson. Rexford's relationship with Wilson was not relevant.
 
 
 17
 Moreover, the colloquy between the magistrate judge and Nelson was extremely brief and was handled well by both Nelson and the magistrate judge. There is nothing in the record indicating that the magistrate judge was making a factual determination which should have been left to the jury. It would be a far stretch of the imagination to believe the remarks precluded Nelson from receiving a fair and dispassionate consideration of the evidence. In addition, the magistrate judge later instructed the jury that no remark or ruling he made was "meant to indicate any opinion as to the facts." See Vaughn v. Willis, 853 F.2d 1372, 1376 (7th Cir.1988).
 
 
 18
 Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 [1]
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal is submitted on the briefs and record